UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| TERESA GOODROAD, | 5:25-CV-05034-KES |
|---|---|
| Petitioner, | ORDER RE: ATTORNEY-CLIENT PRIVILEGE WAIVER; GRANTING MOTION FOR EXTENSION OF TIME AND DIRECTING FORMER DEFENSE COUNSEL TO RESPOND (DOC. 8) |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

The Government has requested an Order Directing Former Defense Counsel to Respond to Petitioner's Claims of Ineffective Assistance set forth in Petitioner's Motion under 28 U.S.C. § 2255.

The Eighth Circuit Court of Appeals has recognized that the attorney-client privilege may be impliedly waived when a client attacks their attorney's competence and raises the issue of ineffectiveness or incompetence of counsel. See Tasby v. United States, 504 F.2d 332 (8th Cir. 1974). ABA Model Rule of Professional Conduct 1.6 also recognizes that a disclosure may be impliedly authorized under certain circumstances including when a lawyer must respond to allegations in any proceeding concerning the lawyer's representation of his or her client.

The American Bar Association, however, has issued an opinion advising that former counsel confronted with a client making ineffective assistance of counsel claims, consistent with their ethical obligations (1) may not disclose

information imparted to him or her in confidence without first obtaining the

informed consent of the former client; and (2) may only disclose such

information in "court-supervised testimony." ABA Comm. on Eth. and Prof'l

Responsibility, Formal Op. 10-456 (July 14, 2010).

In consideration of the allegations set forth in Petitioner's Motion under

28 U.S.C. § 2255, this Court has determined that the Government cannot

respond to the allegations of ineffective assistance of counsel without attorney

John Rusch responding by affidavit to the specific allegations in the Motion

concerning his representation of Petitioner. If Petitioner opposes the waiver of

the Attorney-Client privilege as it relates to the specific allegations in her

Motion under 28 U.S.C. § 2255, those allegations will be stricken from

Petitioner's Motion under 28 U.S.C. § 2255.

## CONCLUSION

For the reasons stated above,

IT IS ORDERED:

1. The Respondent's Motion (Doc. 8) directing former defense counsel to
   respond is granted as follows:

   A. That the Clerk shall send this Order and the attached Attorney-
      Client Privilege Waiver form to Petitioner;

   B. That if the Attorney-Client Privilege Waiver form is not signed
      and returned to the Clerk for filing within fourteen (14) days,
      the allegations of ineffective assistance of counsel will be
      stricken from Petitioner's Motion under 28 U.S.C. § 2255;

   C. That if the Attorney-Client Privilege Waiver form is signed and
      filed, the Government shall forward a copy of the signed
      Attorney-Client Privilege Waiver form to Attorney John Rusch,
      along with a copy of this Order and Petitioner's § 2255 Motion.
      Attorney John Rusch shall, within fourteen (14) days of

ATTORNEY-CLIENT PRIVILEGE WAIVER

You have made a motion under 28 U.S.C. § 2255 alleging that you received ineffective assistance from your former lawyer, John Rusch. The Court has reviewed your motion and determined that an affidavit from your former lawyer concerning the specific allegations in your motion is necessary to in order to evaluate your motion.

The American Bar Association advises your attorney to obtain your consent before disclosing confidential communications between you and him that may bear on the disposition of your motion. This is a professional ethics requirement. As a matter of law, you have waived the attorney-client privilege regarding the allegations of ineffective assistance of counsel in your motion. This means that if you wish to proceed on your claims of ineffective assistance, you must allow your communications with your former counsel concerning the specific claims to be disclosed to the Government and to the Court.

If you wish to proceed with your claims of ineffective assistance of counsel as set forth in your Section 2255 motion, you must sign this form and return it to the Court. The form authorizes your attorney to disclose confidential communications only to the extent necessary to address the ineffective assistance of counsel claims that are raised by your 28 U.S.C. § 2255 motion.

You should know that if you sign this authorization, you run the risk that your attorney will contradict your statements about their representation of you. However, you should also know that the Court will strike the ineffective assistance of counsel claims in your motion if you do not authorize your attorney to give an affidavit in response to the ineffective assistance claims.

You must return this form within fourteen (14) days from the date of the Court's order directing the clerk to mail this Waiver to you or the allegations of ineffective assistance of counsel will be stricken from your motion under 28 U.S.C. § 2255.

AUTHORIZATION

I have read the document entitled "Attorney-Client Privilege Waiver." I hereby authorize my former attorney, John Rusch, to disclose confidential communications only to the extent necessary to address the ineffective assistance of counsel claims that are raised by my motion under 28 U.S.C. § 2255.

Dated this 27 day of MAY , 2025.

_____
Petitioner

receiving the Attorney-Client Privilege Waiver form provide and file with the Clerk an affidavit responding to the specific allegations in the § 2255 Motion concerning his representation of Petitioner.

    D. The Government shall promptly thereafter serve a copy of Mr. Rusch's affidavit upon Petitioner.

2. The Respondent's Motion for Extension of Time (Doc. 8) is granted and the United States shall file its response no later than 30 days after Mr. Rusch's affidavit has been received.

DATED this 15th day of May, 2025.

BY THE COURT:

DANETA WOLLMANN
United States Magistrate Judge

Name TERESA GOOD ROAD
Reg. No. 80373510
Carswell FMC
P.O. Box 27137
Fort Worth, TX 76127




SOUTH DAKOTA FEDERAL COURTHOUSE
515 9TH ST
CLERKS OFFICE ROOM 302
RAPID CITY SD 57701

LEGAL MAIL

57701$2673 C010

F. Perut
5-27

