UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| TERESA GOODROAD,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:25-CV-05034-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION IN FULL AND GRANTING RESPONDENT'S MOTION TO DISMISS |

Teresa Goodroad, appearing pro se, filed a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. Docket 1.[1] Respondent, the United States, moved to dismiss Goodroad's motion for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Docket 23. The matter was referred to United States Magistrate Judge Mark W. Haigh under 28 U.S.C. § 636(b)(1)(B) and D.S.D. Civ. LR 72.1.

Having reviewed de novo the report and recommendation and Goodroad's objections, the court overrules the objections, adopts the report and recommendation in full, grants respondent's motion to dismiss, and denies Goodroad's § 2255 motion with prejudice.

[1] Documents cited from this civil file will be cited using the court's assigned docket number. Documents from Goodroad's underlying criminal case, *United States v. Glover et al.*, 5:23-CR-50153-KES (D.S.D.), will be cited using the court's assigned docket number preceded by "CR."

## FACTUAL BACKGROUND

A full factual background was provided by the magistrate judge in his report and recommendation, to which Goodroad did not object. Docket 34 at 1-3; *see* Docket 42. Thus, the court will provide a brief overview of the facts and adopt the facts from the magistrate judge's report and recommendation for the full background.

On March 15, 2024, Goodroad pleaded guilty to one count of conspiracy to distribute a controlled substance in front of Magistrate Judge Daneta Wollmann. CR Docket 108. This court adopted Magistrate Judge Wollmann's recommendation to accept Goodroad's guilty plea that same day. CR Docket 111. Goodroad was sentenced on May 15, 2024. CR Docket 141.

Goodroad file a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on April 16, 2025. Docket 1. Magistrate Judge Haigh submitted his report and recommendation, recommending that the court grant respondent's motion to dismiss and deny Goodroad's § 2255 motion with prejudice and without holding an evidentiary hearing. Docket 34 at 26. Respondent notified the court that it had no objection to the report and recommendation. Docket 36. Goodroad requested an extension of time to file her objections, which was granted. Docket 37; Docket 38. Goodroad then timely filed objections to the report and recommendation that repeated her previous claims of ineffective assistance of counsel alleging that her attorney failed to adequately object to the presentence report (PSR) resulting in two

enhancements being applied to determine her advisory guideline range. Docket 42.

## REVIEW OF REPORT AND RECOMMENDATION

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting a de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

Here, Goodroad's objections do not offer any new claims or factual evidence to support her motion. Instead, Goodroad repeats the grounds for relief she asserted in her original § 2255 motion and disagrees with the conclusions reached in the report and recommendation. *See* Docket 42. Goodroad merely restates her ineffective assistance of counsel claims related to the two sentencing enhancements for a firearm and her leadership role in the conspiracy. *Id.* at 2-9. Goodroad again takes issue with the sentencing court's factual basis for the enhancements and claims her defense counsel should have made "more plausible objection[s]" to the PSR. *Id.* at 9. Goodroad's attorney properly objected to both enhancements during the sentencing hearing and the court considered the arguments, but then ruled against Goodroad. Docket 34 at 13, 16. This is not ineffective assistance of counsel.

The court has reviewed this matter de novo and reviewed the records from the underlying criminal case in *United States v. Glover et al.*, 5:23-CR-50153-KES (D.S.D.). Based on its comprehensive review, the court concludes Goodroad's repeated objections are without merit. Magistrate Judge Haigh conducted a thorough analysis and issued a comprehensive report and recommendation. The court need not provide an in-depth analysis of Goodroad's reiterated prior arguments, which were thoughtfully considered and rejected by the magistrate judge. Thus, the court adopts the report and recommendation in full because it adequately addresses Goodroad's objections.

**CERTIFICATE OF APPEALABILITY**

When a district court denies a § 2255 motion, the movant must first obtain a certificate of appealability before an appeal of that denial may be entertained. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253(c)(1)(B). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that proves "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

Goodroad has not made a substantial showing that her claims are debatable among reasonable jurists, that another court could resolve the issue raised in her motion differently, or that a question raised by her motion deserves additional proceedings. Thus, a certificate of appealability is not issued.

## CONCLUSION

After conducting a de novo review, it is ORDERED:

1. That Goodroad's objections to the report and recommendation (Docket 42) are overruled.
2. That the report and recommendation of the magistrate judge (Docket 34) is adopted in full.
3. That respondent's motion to dismiss (Docket 23) is granted.
4. That Goodroad's motion under 28 U.S.C. § 2255 (Docket 1) is denied with prejudice.
5. That a certificate of appealability is denied.

DATED October 8, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE